Nash, J.
 

 It is important to ascertain from what the defendant did appeal, and what was his complaint in the Superior .Court, The record informs us, that after tho trial of the issue in the County Court, an order of filiation was made, and the counsel moved to quash the order, because the mother, upon whose examination he was charged, was a coloured woman. This motion was refused, and ‘‘from this decision as well as the other orders made in the case, the defendant appealed.” Three motions were made by him in the County Court, all of which had been over-ruled ; the first, to withdraw his issue ; the second, to quash the proceedings, for irregularity, because the warrant and
 
 examination did not
 
 show that the examination was taken, within three years before the birth of the child. These two motions were made before the issues were tried, and the third, not until after the trial. On the return of the case to the Superior Court, the defendant again renewed his motion to quash the order of filiation, made in the County Court, and for the reason there assigned, which was refused.
 

 The Act of 1814, under which these proceedings aro had, was passed for the purpose of removing the extreme severity of that of 1741, which permitted no man to escape from the effects of the oath of the mother of a bastard child. The former Act makes the examination of the mother,
 
 prima facie,
 
 evidence of the fact, but it
 
 *267
 
 was not intended to deprive the defendant of all opportunity to show his innocence.' Accordingly, it is provided by the 4th section, of what is called the
 
 Bastardy Act,
 
 “ that the person accused, shall, upon the return to the County Court, &c. be
 
 entitled
 
 to have an issue made up to try, whether he be the father of such a child,” &c.
 
 Rev. Stat.
 
 ch. 12, sec. 4. The issue is given to him, for his protection, and he may abandon it, whenever he pleases. The defendant had, therefore, a right to withdraw the issue, and it was error in the County Court to refuse it. When the case came into the Superior Court, he did not renew that motion on the second, nor was the attention of that Court in any manner called to them. The defendant then must be considered, as having abandoned them, and to have thrown hirhself entirely upon the third. Upon that alone, the Court was called on to say, whether the County Court had committed an error. The whole ground upon this point is covered by the case of
 
 Ledbetter,
 
 4th Ired. 243, or rather by the principle stated, as governing cases of the kind. If for this defect, the defendant had, in the County Court, before the trial of the issue, moved to quash the examination of the woman, and it had been refused, he might either have appealed to the Superior Court or taken his case there by
 
 certiorari.
 
 By so doing, he would have put the decision of his case distinctly on the defect, the competency of the witness. This course he did not pursue, but first tried the issue, and, after a verdict against him, claimed the benefit of the objection. At that time the County Court could not hear his motion. The verdict of the jury, upon the issue, constitutes evidence of paternity “ legally complete,” and, upon its finding, he stood, by force of the statute? “ charged with the maintenance of the child,” and the only course which the Court would pursue, while the verdict remained upon the record, was
 
 to
 
 pass the orders directed and to exact from the defendant bopd with sufficient sureties, for the indemnification
 
 *268
 
 of the
 
 County. No defence is
 
 given by the law to any , one charged either civilly or criminally, of which he may not avail himself, but to do so, he must make his application, by plea or motion, in due order and apt time. In this case, no objection was made to the regularity of the examination, on account of the incompetence of the woman, until after the trial of the- issue in the County Court. The objection could not be made on the trial, because the Act says, the examination
 
 shall
 
 be evidence.
 
 State
 
 v.
 
 Patton,
 
 5th Ired. 180.
 
 State
 
 v.
 
 Robeson,
 
 2 Ired. 48. It could not be made afterwards, because it could have no operation, as the verdict of the jury concluded
 
 the
 
 defendant. If the defendant- had appealed from the finding of the jury and the order
 
 made
 
 thereon simply, .and without having made the motion to quash, he would have been entitled merely to a trial of the issue
 
 de novo
 
 in the Superior Court, and he could not have made the motion to quash
 
 ah origine
 
 in the Superior Court, because it was not incidental to the trial of the issue, that the Court should or should not adjudge the woman’s examination to be quashed, upon the score of her incompetency. Therefore, that point arose upon the appeal of the defendant from the refusal of the County Court to quash, as a distinct question, and consequently must have been determined in the Superior Court, as upon a writ of error, upon the same principles and under the same circumstances, in which the point was decided in the County Court. As then the County Court, as has been shewn, properly refused the motion at the time it was made, the Superior Court did right in not reversing but affirming that order..
 

 Per Curiam. Judgment affirmed.